BLAKE McCOY V. THE STATE.

No. 23317. Delivered April 3, 1946.
Rehearing Denied May 15, 1946.

336

The opinion states the case.

*C. O. McMillan,* of Stephenville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the local option liquor laws in that he sold intoxicating liquor in a dry area in this State, and he was fined the sum of $500.00 and he appeals.

In this appeal we are early met with the proposition that in an attempt to put into force and effect the result of a local option election in Erath County, held in the year 1904, it is claimed that the minutes of the County Commissioners' Court did not contain an entry therein relative to the selection of a newspaper in which the order of such court prohibiting the sale of intoxicating liquor in Erath County was to be published; and further, that the minutes of such Commissioners' Court did not contain a certificate of the county judge certifying such publication.

The testimony herein does show certain orders of such Commissioners' Court, ordering the election, canvassing the returns, and the entry of their prohibitory order, all of such orders being found in Volume "H" of the Minutes of the Commissioners' Court of such county. Again, in another and further book called the "Record of Elections," there is found an entry signed by L. N. Frank, the then county judge, designating and selecting the Stephenville Empire Tribune as the newspaper in which this order of such court should be published; and again in the "Record of Elections" volume is found a statement by the then County Judge M. J. Thompson that such order was duly published in such Empire Tribune newspaper for a proper length of time.

This matter, therefore, resolves itself into the proposition as to whether the provision of Art. 3391, R. S., 1895, requiring

that the selection of the newspaper by the county judge and the certificate of publication in such paper should be shown in the Minutes of the Commissioners' Court, and whether such a showing in the volume "Records of Elections" is a compliance with such statute.

Art. 3391, R. S., 1895, does provide that such prohibitory orders publication shall be entered in the Minutes of the Commissioners' Court, as well as the designation of the newspaper in which such order was to be published. The matter here at issue is: Was such a book which is called a "Record of Elections" a record of the Minutes of the Commissioners' Court? In so far as the statutory requirement for an act of volition upon the part of the county judge being incorporated in the Minutes of the County Court, such seems to be an anomaly. The Commissioners' Court had naught to do with the selection of a newspaper, nor with when such publication was made but, be that as it may, we are not in accord with the idea that because a record book in the county clerk's office is called a "Record of Elections," same would deprive such book of being a record of certain proceedings and minutes of the County Commissioners' Court.

The local option laws in force, as revised in the year 1895, are governing here in this election held in 1904. Clearly, under Title LXIX, Arts. 3384 to 3399, inclusive, of the 1895 revision, are not all the law contained in our then-operative election statutes. Art. 3389 thereof says:

"The officers holding said election shall, in all respects not herein specified, conform to the existing laws regulating elections; and after the polls are closed shall proceed to count the votes, and within ten days thereafter make due report of said election to the aforesaid court." (Commissioners' Court).

The machinery of voting, balloting, recording of the results, preservation of ballots, opening and closing of polls, qualifications of voters, and other provisions of the election laws are therefore referable to the General Title XXXVI, Chapter Five, of such 1895 Statutes, and in Article 1753 we find the following:

"On the Monday next following the day of election, and not before, the county commissioners' court shall open the election returns and estimate the result, recording the state of the polls in each precinct in a book to be kept for that purpose; * * *." Evidently we there find the reason for the establishment of a book called the "Record of Elections" and again it is evident

that such book contains certain "Minutes of the County Commissioners' Court" relative to elections, regardless of by what name such book might be called.

In this latter book, we find the order of the county judge designating the newspaper, and we also find the judge's certificate showing publication of the prohibitory order, thus fulfilling the statute and making such the prima facie evidence of the publication of such order, Article 3391, R. S., 1895. We think the admission of such entries on the book "Record of Elections" was proper and proved by competent evidence and, regardless of what the book containing such entries was called, such entry was in the Commissioners' Court Minutes.

Appellant further complains in Bill No. 3 of the following incident: It appears that the sheriff of Hamilton County, which adjoins Erath County, accompanied the officer of the liquor board and was present near the scene at the time the liquor is alleged to have been purchased. Such sheriff was asked on cross-examination as to what official position he held and was further asked whether he requested the liquor board representative to bring him up to Dublin, and the witness answered that he made such request. On redirect-examination, the Hamilton County sheriff was asked by the State why he made such request of the liquor board representative, and he made answer that he had been getting some of Blake McCoy's drunks at Hico (in Hamilton County) — whereupon, appellant objected to such answer and the trial court sustained such objection and orally instructed the jury to disregard such statement and not to consider it for any purpose; whereupon, appellant moved for a mistrial, which motion was denied by the court.

It will be observed that the trial court herein merely failed to declare a mistrial, he having upheld appellant's objection to the sheriff's testimony. It seems to us that this matter was initiated by appellant by means of his question that had for its purpose to show that this sheriff from another county was assisting the liquor board inspector in an attempt to enforce the laws in Erath County, and the sheriff was caused to say that he requested such inspector to bring him up to Dublin, where the sale was alleged to have been made. We think if there was error in allowing the sheriff to give, in redirect-examination, his reason upon which such request was based, it was invited by appellant's question of whether he requested to accompany the inspector into Erath County. In any event, we think the trial court's instruction to the jury should have cured the error, if

such there was. We think the court was correct in failing to so declare a mistrial. True it is, appellant received a substantial fine at the hands of the jury but they are judges of the amount of the punishment, and we are not justified in saying that they exceeded their powers as long as they remained within the limits fixed by law.

All matters not herein written upon have been considered and are overruled.

The judgment will, therefore, be affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a motion for a rehearing in which he asserts that we erred in disposing of his Bill of Exception No. 3 wherein he complains of certain testimony given by the Sheriff of Hamilton County. We have again reviewed the complaint in the light of his motion, but remain of the opinion that the question therein presented was properly disposed of in the original opinion, and we see no need for any further discussion thereof.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.